SECURITY MILLS OF ASHEVILLE, INC. v. WACHOVIA BANK AND TRUST COMPANY, N.A.

No. 7128DC673

(Filed 29 December 1971)

**Banks and Banking § 10; Venue § 2— action against national banking association — venue**

   An action in this State against a national banking association need not be brought in the county where the banking association's main offices are located but may be prosecuted in the appropriate court in the county where the branch which transacted the business complained of is located. Title 12, USCA, Section 94.

APPEAL by defendant from *Allen, Chief District Judge,* 26 July 1971 Session of District Court held in BUNCOMBE County.

Plaintiff instituted this action in Buncombe County seeking to recover $5,301.96 from defendant upon allegations that defendant improperly cashed and paid certain checks which were drawn to the order of plaintiff.

Defendant filed a motion for a change of venue to Forsyth County upon the grounds that (1) defendant is chartered under

the laws of the United States as a National Banking Association, (2) that its charter issued by the Comptroller of the Currency designated that defendant is located in Winston-Salem, North Carolina, and (3) that Title 12, USCA, Section 94 requires that an action against a National Banking Association must be brought in a court in the county in which defendant is located.

Upon the hearing to remove to Forsyth County, defendant offered in evidence a copy of its charter issued by the Comptroller of the Currency authorizing it to do business as a National Banking Association and stating that it is located in Winston-Salem, North Carolina. Defendant also offered in evidence a copy of its Articles of Association which, *inter alia,* provides that its main offices shall be in Winston-Salem. No evidence was offered by the plaintiff.

The trial judge denied defendant's motion and defendant appealed.

*Hendon & Carson, by George Ward Hendon, for plaintiff.*

*Van Winkle, Buck, Wall, Starnes & Hyde, by Emerson D. Wall, for defendant.*

BROCK, Judge.

We treat the record and brief filed by defendant as a petition for certiorari and the same is allowed.

Defendant relies upon Title 12, USCA, Section 94, which reads as follows:

"Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

Obviously, the statute was designed to prevent a bank from being required to carry its records and personnel to some point distant from its office. However, the statute must be construed in the light of current commercial practices of banking institutions in North Carolina. Under the present setting in North Carolina, banking institutions operate branch banks in various

counties throughout the State. A banking institution locates in each of the various counties where it opens and maintains a branch for conducting business. Therefore, we interpret Title 12, USCA, Section 94, to permit an action in North Carolina against a national banking association to be prosecuted in the appropriate court in the county where the branch which transacted the business complained of is located.

Although the question has not been raised, we note that the trial judge failed to make the crucial finding as to whether the branch of Wachovia Bank & Trust Company which transacted the business complained of is located in Buncombe County. Apparently, everyone assumed the existence of such a branch; but, although we may recognize in general that banks are maintained in all large towns and cities, courts may not judicially notice the existence of a particular banking institution. 29 Am. Jur. 2d, Evidence, § 85, p. 117.

The Order appealed from is vacated and the cause is remanded for a new hearing on defendant's motion to remove.

Order vacated.

Cause remanded.

Judges BRITT and VAUGHN concur.